■ JAMES DOOLEY, Appellant, v 603 WEST 139TH STREET REALTY CORP., Respondent. [783 NYS2d 562]—

Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered September 16, 2003, which granted defendant's motion to dismiss plaintiff's endorsed summons for failure to prosecute, and denied plaintiff's cross motion to vacate defendant's notice of appearance and to grant a default judgment, unanimously affirmed, without costs.

The challenge to defendant's dismissal motion for lack of standing is without merit because defendant did file an appearance (albeit late), made a demand for complaint pursuant to CPLR 3012 (b), and moved to dismiss the complaint on statute of limitations grounds before plaintiff ever served his complaint and cross-moved for a default judgment. Notwithstanding defendant's lack of an excuse for its eight-month delay in responding to the summons with notice, plaintiff failed in his burden, on the dismissal motion, to show that he had not abandoned this action (CPLR 3215 [c]). Plaintiff, without serving a complaint, waited 13 months before moving for a default. In the interim, defendant served the instant motion to dismiss. In light of plaintiff's failure to prosecute for over a year, and given that his claim, on its face, was time-barred and thus devoid of merit, plaintiff failed in his burden of demonstrating sufficient cause why the action should not be dismissed.

During the abandonment period, plaintiff was evidently unaware of a Bankruptcy Court stay order precluding service of default motions against defendant's insurance carrier. He thus cannot rely upon this circumstance as the basis for his failure to prosecute.

The defense of statute of limitations was not waived because defendant had asserted it well before the default order was sought, and prior to service of the complaint, in related motion papers to which plaintiff had an opportunity to respond. Concur—Buckley, P.J., Mazzarelli, Andrias, Williams and Sweeny, JJ.